UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HEATHER R.,

        Plaintiff,

v.                                       **DECISION AND ORDER**

                                                      19-CV-712S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.        Plaintiff Heather R.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for disability insurance benefits under Title II of the Act. (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

        2.        Plaintiff protectively filed her application with the Social Security Administration on October 28, 2015.  Plaintiff alleged disability beginning November 19, 2014, due to degenerative disc disease of the lumbar spine, fibromyalgia, migraine headaches, depressive disorder bipolar disorder, anxiety, and obsessive-compulsive disorders, and post-traumatic stress disorder ("PTSD").  Plaintiff's application was denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

        3.        On May 8, 2018, ALJ Paul Georger held a hearing at which Plaintiff—represented by counsel—and Vocational Expert Eric Dennison appeared and testified.

---

[1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

(R.[2] at 32-64, 12.)  At the time of the hearing, Plaintiff was 41 years old as of the onset date, had a high school education, and had past relevant work as dispatcher (sedentary work) and security guard (light work) (R. at 14, 12, 24).

4.     The ALJ considered the case *de novo* and, on August 29, 2018, issued a written decision denying Plaintiff's applications for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[3]  (Docket No. 1.)

5.     Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure (Docket Nos. 6, 7).  Plaintiff filed a response on July 31, 2020 (Docket No. 8), at which time this Court took the motions under advisement without oral argument.  For the reasons that follow, Plaintiff's motion (Docket No. 6) is denied, and Defendant's motion (Docket No. 7) is granted.

6.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 389, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where

---

[2] Citations to the underlying administrative record are designated as "R."

[3] The ALJ's August 29, 2018, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not,

> the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work. Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

11. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 19, 2014. (R. at 14.) At step two, the ALJ found that Plaintiff has

the following severe impairment: degenerative disc disease of the lumbar spine, fibromyalgia, migraine headaches, depressive disorder bipolar disorder, anxiety, and obsessive-compulsive disorders, and PTSD. Id. at 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id.

12. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with several limitations. The ALJ states that Plaintiff can occasionally reach overhead bilaterally, occasionally climb ramps and stairs, ladders, ropes or scaffolds, occasionally balance, stoop, kneel, crouch, and crawl. Plaintiff can have occasional exposure to unprotected heights, with moving mechanical parts, operate a motor vehicle. Plaintiff can have occasional exposure to dust, odors, fumes, and other pulmonary irritants. Plaintiff can have occasional exposure to extreme cold, vibration, and noise. Plaintiff can perform simple, routine, and repetitive work and make simple, work-related decisions. Plaintiff can have occasional interaction with supervisors and coworkers and the general public. (R. at 18.)

13. At step four, the ALJ found Plaintiff is unable to perform any past relevant work as a dispatcher. (R. at 24.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Additional limitations from light work impede Plaintiff's ability to perform that level of work. The ALJ then consulted with a vocational expert who opined that a claimant with Plaintiff's age, education, work experience, and RFC could perform such occupations as shipping and receiving weigher, racker, and inspector of surgical instruments, each light work

occupations. (R. at 25.) Accordingly, the ALJ found that Plaintiff is not disabled. (R. at 25-26.)

14. Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ allegedly cherry picked from the medical and opinion record to establish the RFC (Docket No. 6, Pl. Memo. at 1, 14-18). The ALJ erred in assigning substantial weight to only non-examining state agency review opinion evidence, because these opinions deserve little weight (id. at 1, 18-19, 20-21). Plaintiff next argues that the RFC is based on an incomplete record, hence the RFC is not supported by substantial evidence (id. at 1, 21-23). Plaintiff contends that the ALJ should have recontacted Plaintiff's treating physicians but did not do so (id. at 23-24). She argues that the ALJ erred in assigning little weight to Department of Veterans Affairs ("VA") disability determination and failed to properly explain rejection of Plaintiff's disability (id. at 1, 24-25). For the reasons that follow, this argument is unavailing.

15. As for the alleged cherry picking, Plaintiff accused the ALJ of disregarding more limiting impairments for her fibromyalgia, back pain, migraines, and mental impairments (id. at 14). She argues that the ALJ mischaracterized and cherry picked the evidence "by relying on only the most favorable portions of the record for the decision" (id. at 15). Plaintiff points out that the ALJ acknowledged Plaintiff received Botox treatments for her migraines (R. at 20) but she still had migraines and had to renew treatment (No. 6, Pl. Memo. at 15; R. at 558, 580-81, 1197).

16. Plaintiff claims greater limitations due to her lumbar spine disorder and fibromyalgia than as found by the ALJ (No. 6, Pl. Memo. at 15-16; R. at 20-21, 587, 573, 574, 543-44, 527).

17. The ALJ, however, noted additional restrictions on her lumbar spine disorder and fibromyalgia to occasional overhead reaching (R. at 20). The ALJ based his assessment on the review of Plaintiff's MRI and neurological treatment records (R. at 20-21). As for Plaintiff's migraines, the ALJ points out that it was responsive to treatment and, when she did not have Botox injections she did not have other symptoms (such as balance issues, numbness, tremor, involuntary movements, muscle weakness, memory lapses, or dizziness) (R. at 20, 633 (March 23, 2018, examination)).

18. As for her mental impairments, Plaintiff points out the ALJ's selective use of the record (R. at 21), ignoring that she suffered from panic attacks (Docket No. 6, Pl. Memo. at 17; R. at 433, 551).

19. Defendant counters that there was substantial evidence for the ALJ's finding (Docket No. 7, Def. Memo. at 8-9), noting that Plaintiff refused, discontinued, or delayed treatment (id. at 9; R. at 553, 812, 52, 611, 742-46, 777-78, 800-04, 854, 908-09, 1174-77, 1185-88, 1197, 1203-04, 1220-21) and Plaintiff performed significant daily activities (Docket No. 7, Def. Memo. at 9). Defendant concludes the ALJ need not discuss all of Plaintiff's treatment notes but the ALJ must merely review them and argues that the ALJ did not discuss only favorable evidence (id. at 15; R. at 20-21).

20. The ALJ found that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical evidence (R. at 19).

21. As for cherry picking, Defendant responds that the ALJ discussed the evidence Plaintiff claims the ALJ did not consider (Docket No. 7, Def. Memo. at 15; R. at 16-17, 19-24). This Court agrees. The ALJ considered Plaintiff's entire medical record

7

but concluded contrary to Plaintiff's findings. As for her mental health, the ALJ acknowledged Plaintiff had long term treatment with the VA for impairments and the record consists of routine, limited and conservative treatment and relatively benign mental status findings upon examination (R. at 21).

22. Next, Plaintiff complains that the ALJ relied almost exclusively on non-examining review opinion where those professionals never examined her and merely opined based upon a record review. The opportunity to examine Plaintiff is one factor in weighing a doctor's opinion, 20 C.F.R. § 404.1527(c) (Docket No. 7, Def. Memo. at 9). Other factors include whether the record and examination findings support the opinion, the expertise of the four doctors in the Social Security program, and the psychologists' expertise in that specialty (id. at 10).

23. Plaintiff argues that the non-examining consultants rendered their opinions in 2015 and 2016 and their opinions therefore are stale since they did not consider her subsequent medical history (Docket No. 6, Pl. Memo. at 21-23). Defendant argues these opinions are not merely stale because it does not include unreviewed evidence or its age and Plaintiff has not shown any worsening of her condition following these opinions (Docket No. 7, Def. Memo. at 12-13). The ALJ reviewed the medical record as a whole and considered these opinions based upon their consistency with the medical record (both the record considered by these consultants and after) (R. at 22).

24. Reviewing the medical record Plaintiff argues shows worsening condition after the non-examining opinions, the record from 2016 reveal normal physical evaluations (R. at 874, 858, 1257) and back complaints in November 2016 and November 2017 (R. at 845, 1229). On September 6, 2017, the VA psychological staff

noted Plaintiff appeared normal for her psychiatric evaluation (R. at 1257). Her psychological evaluations during this later period had notations that Plaintiff seek counseling with her continued medication, but she initially declined counseling (R. at 879, 880, 869, 870, 828, 832).

25. Plaintiff contends that since the ALJ erroneously relied exclusively on non-examining opinions, the ALJ needed either to recontact treating sources or order further consultative examinations (Docket No. 6, Pl. Memo. at 23-24). These actions are not necessary. Plaintiff merely disagrees with the opinion in the record. Essentially, she wants the ALJ to contact her VA treating sources whom the ALJ gave little weight in part for their lack of a functional analysis consistent with Social Security regulations and being inconsistent with the contemporary treatment record (R. at 22-23).

26. The ALJ appropriately considered both the non-examining opinions and the VA treating sources to not require contacting the VA sources.

27. Plaintiff next argues that the ALJ erred in assigning little weight to the VA's disability determination (Docket No. 6, Pl. Memo. at 24-25). The Commissioner is not bound by the disability decision of the VA which is based on VA's standards (R. at 22; Docket No. 7, Def. Memo. at 13-14), 20 C.F.R. § 404.1504. The VA disability decision is based upon its rules and not Social Security rules, thus "it is not binding" on the Social Security Commissioner, id. The ALJ is to consider VA's determination if not bound by it. The ALJ fully considered Plaintiff's assessment by the VA and the medical record from VA sources (R. at 22).

28. Plaintiff contends that the ALJ did not give a sufficient reason for declining to apply VA's disability finding, but the ALJ did consider the VA findings but gave it little

weight and gave reasons for that conclusion, that the VA did not give functional assessment, that the VA's opinions were not consistent with the contemporary treatment records, and that the VA's disability finding went to the ultimate issue of Social Security disability (R. at 22-23).  These are sufficient grounds for giving little weight to the VA's determination.  Thus, Plaintiff's motion for judgment on this ground is denied.

      IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

      FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

      FURTHER, that the Clerk of Court is directed to CLOSE this case.

      SO ORDERED.

Dated:      January 5, 2021
              Buffalo, New York

                                            <u>s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                            United States District Judge